IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC.,<br>    a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SOURCE NETWORK SALES AND<br>MARKETING, INC., a Texas corporation,<br><br>    Defendant. | CIVIL ACTION NO. 1:10-CV-00802-RC<br><br>JURY DEMANDED |

**DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO
28 U.S.C. § 1404 (a) AND BRIEF IN SUPPORT**

Defendant SOURCE NETWORK SALES AND MARKETING, INC. ("Defendant" or "Source Network") moves, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Sherman Division of the Eastern District of Texas. This action should be transferred because it has no connection to the Beaumont Division of the Eastern District of Texas. Much like *Volkswagen II*, "[t]he only connection between this case and the [Beaumont Division] is plaintiffs' choice to file there." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 (5th Cir. 2008) (en banc) (citation omitted).

**I.
INTRODUCTION**

Plaintiff is a Delaware entity based in Logan, Utah, with no known connection with the Beaumont Division, or anywhere else in the Eastern District. The Patent in Suit also has no identifiable ties to the Beaumont Division, as the inventor is located in British Columbia,

Canada. Defendant also is a complete stranger to the Beaumont Division, having no employees or offices within its confines. In addition, the entity from whom Source Network purchases the product in question is located in Taiwan, Republic of China, with no known connection with the Beaumont Division.

To the extent this case has ties to the Eastern District of Texas, those ties reside exclusively within the Sherman Division, not the Beaumont Division. Defendant has its offices in the Sherman Division and its employee witnesses work there. Further, all of Source Network's documentary evidence is located solely in the Sherman Division. And all of the Texas based party witnesses known to Source Network are located within the Sherman Division.

Therefore, for the convenience of the parties and the witnesses, and in the interest of justice, this action should be transferred to the Sherman Division of the Eastern District of Texas.

## II.
## FACTUAL BACKGROUND

### A. Neither Party Has Any Connection To The Beaumont Division

Plaintiff Icon Health & Fitness, Inc. ("Plaintiff") is a Delaware corporation that maintains its principal places of business in Logan, Utah. (Doc. 1, ¶ 1 at 1). Plaintiff otherwise has <u>no</u> identifiable connection to the Beaumont Division. (*See,* Doc. 1).

In *Cybergym Research, LLC v. Icon Health & Fitness, Inc.* Case No. 2:05-cv-527-DF; In the United States District Court for the Eastern District of Texas, Marshall Division (the "*Cybergym* Lawsuit"), Cybergym sued your Plaintiff here for patent infringement. Your Plaintiff here filed a Motion to Transfer Venue in the *Cybergym* Lawsuit, arguing that its witnesses and sources of proof were located exclusively outside the Eastern District of Texas, which would necessarily include the Beaumont Division. (Ex. 1 at 6 – 10). Similarly, counsel representing your Plaintiff here noted at the hearing on the Motion to Transfer Venue that the

only operative fact that occurred in Eastern District was that there may have been some sales of the accused product. (Ex. 2 at 15). Counsel then reminded the court that "plaintiff's choice of forum is afforded less deference when the Plaintiff does not reside in the chosen forum and when none of the operative facts occurred in the chosen forum." (Ex. 2 at 13).

Plaintiff's evidence and argument in the *Cybergym* Lawsuit clearly reveals that it had no employees, witnesses or documents anywhere within the Eastern District at that time, and that it was unaware of any third-party witnesses in the Eastern District. (Exs. 1 and 3). Accordingly, absent a change in Plaintiff's operations since the hearing on the Motion to Transfer Venue in *Cybergym* Lawsuit, Plaintiff cannot deny that it has no connection with the Beaumont Division, or with the Eastern District of Texas in general. *See, Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir.1988) ("Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.").

Source Network also does not maintain any offices or have any employees residing or working within the Beaumont Division. (Ex. 3, ¶¶ 8 and 9 at 2-3). Further Source Network is unaware of any documents relevant to the allegations in the Compliant that are located within the Beaumont Division. (Ex. 3, ¶ 11 at 3). Moreover, Source Network is unaware of any witnesses who reside within the Beaumont Division. (Ex. 3, ¶ 11 at 3).

### B. The Patents In Suit Have No Connection To The Beaumont Division

Plaintiff alleges that the LifeSmart Adjustable Dumbbell System (the "Dumbbell System) sold by Source Network infringes on both Patent No. 6,656,093 (the "'093 Patent") and Patent No. 7,223,214 (the "'214 Patent") (collectively, the "Patents in Suit"). (Doc. 1, ¶¶ 14 and 17 at 3). However, neither of the Patents in Suit have any connection to the Beaumont Division.

The '096 patent, entitled "Adjustable Dumbbell Having Easily Adjusting Structure," and the '214 Patent, entitled "Adjustable Dumbbell," were both purportedly invented by Paul Chen. (Docs. 1-2 and 1-3 at 1, respectively). Mr. Chen's address is stated on the face of both of the Patents in Suit as 7771 Goldstream Dr., Richmond Vancouver, BC (CA), V7A 1S5. (*Id*.) Mr. Chen otherwise has no identifiable connection with the Beaumont Division. *See,* (Docs. 1, 1-2 and 1-3).

Further, though the assignment is not evident on the face of the respective Patents in Suit, Plaintiff alleges that it is the exclusive licensee of each of the Patents in Suit. (Doc. 1, ¶ 16 at 3). As noted above, Plaintiff is located in Logan, Utah, and has no known or identifiable connection with the Beaumont Division. (*See*, Doc. 1, ¶ 1 at 1; and Exs. 1 and 2). Accordingly, none of the documents either relating to the purported invention of the Patents in Suit or relating to Plaintiff's claims for damages and irreparable injury are located in the Beaumont Division. Nor would any of Plaintiff's party witnesses work or reside in or near the Beaumont Division. (*Id.*).

## C. The Dumbbell System Has No Connection To The Beaumont System

Source Network purchases the Dumbbell System from Sportgear Ind., Inc. (Ex. 3, ¶ 4 at 2). Sportgear and Source Network's contact with Sportgear, Paul Kao, are located in Taiwan, Republic of China. (*Id.*).

Source Network generally does not stock any of the products it sells. (Ex. 3, ¶ 5 at 2). Instead, it typically takes orders from customers and transfers those orders and shipment details to either the manufacturer or wholesaler of the product being purchased. (*Id.*). The manufacturer or wholesaler then ships the product directly to the customer. (*Id.*). Source Network typically never touches the product being sold. (*Id.*). This is how Source Network handles the Dumbbell System – that is, it receives orders from customers, provides the order and shipping information

to Sportgear, and Sportgear ships the Dumbbell Systems to the customer. (*Id*). Source Network does not typically hand the Dumbbell Systems. (*Id*). Accordingly, other than possible sales, the Dumbbell Systems has no connection with the Beaumont Division, as all of the interaction relating to the transactions between Source Network and Sportgear takes place in Plano, Texas and Taiwan.

**D.     Source Network Has A Substantial Connection To The Sherman Division**

Source Network's ties to the Sherman Division are substantial. Source Network's office is located at 3415 Custer Road, Suite 105, Plano, Texas 75023, which lies solely within the Sherman Division. (Ex. 3, ¶ 3 at 1). Further, Source Network's owners reside in Plano. (*Id.*). And Source Network's potential party witnesses both live and work in Plano, Texas and therefore exclusively within the Sherman Division. (Ex. 3, ¶¶ 2, 3, 6 and 7 at 1-3). Finally, all of Source Network's documents that may be relevant to the allegations in the Complaint are located in Plano, Texas. (Ex. 3, ¶¶ 10-11 at 3).

## III.
## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district <u>or division</u> where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). The Fifth Circuit explained that "[t]he underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 [concerning the selection of venue] by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *Volkswagen II*, 545 F.3d at 313.

When filing a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the moving party bears the burden of showing "good cause," meaning that it "must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and

witnesses, in the interest of justice.'" *Id.* at 315 (quoting 28 U.S.C. § 1404(a)). The determination of whether transfer is appropriate is based upon analysis of both "private" and "public" interest factors.[1] *Id.* The private interest factors are: (1) the availability of compulsory process to secure the attendance of witnesses; (2) the cost of attendance for willing witnesses; (3) the relative ease of access to sources of proof; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id. T*he public interest factors are: (1) the local interest in having localized interests decided at home; (2) the administrative difficulties flowing from court congestion; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* Once the moving party demonstrates that the transferee venue is clearly more convenient, the good cause requirement is satisfied, and the district court should grant the transfer. *Id.*

Importantly, in *Williams v. Toyota Motor Corp.*, 2008 WL 5158583 (E.D. Tex. 2008) (Ex. 4), Judge Ward stated that "as courts in this district have held before, both the venue statute as well as the Federal Rules logically suggest that district courts should view Section 1404(a) motions for intra-district change of venue with more caution." (Ex. 4 at 5). However, the Fifth Circuit Court of Appeals granted a writ of mandamus in *Williams* and directed that the case be transferred from the Marshall Division to the Sherman Division, stating that "[i]t makes no difference, in this case, that the requested transfer is within the district." (Ex. 5). Accordingly, the fact that Source Network is requesting an intra-district transfer should also make no difference to this Court's analysis of convenience under § 1404(a).

---

[1] Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the Section 1404(a) analysis. Rather, the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citations omitted); see also *Volkswagen II*, 545 F.3d at 315; *and Fujitsu Ltd. v. Tellabs, Inc.,* 639 F. Supp. 2d. 761, 765 (ED Tex. 2009).

## II. ARGUMENT

### A. This Case Could Have Been Brought In The Sherman Division.

"The threshold determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought." *Fujitsu Ltd. v. Tellabs, Inc.,* 639 F. Supp. 2d 761, 765 (E.D. Tex. 2009). Source Network maintains its offices in Plano, Texas, solely within the Sherman Division. (Ex.3, ¶ 3 at 1). Source Network is therefore subject to personal jurisdiction in the Sherman Division. Plaintiff therefore could have filed this action in the Sherman Division. Thus, the transfer analysis turns on weighing the private and public interest factors. *See Acceleron, LLC v. Egenera, Inc.*, 634 F.Supp.2d 758, 764 (E.D. Tex. 2009).

### B. The Private Interest Factors Heavily Weigh In Favor Of Transfer To The Sherman Division

#### 1. The Cost of Attendance for and Convenience of Willing Witnesses

The Fifth Circuit has adopted a "100-mile" rule to assist the Court with analyzing this factor. "When the distance between an existing venue for trial of a matter and a proposed venue under 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317; *and see Fujitsu Ltd.,* 639 F. Supp. 2d at 765-66. In applying this rule, the "court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues." *Acceleron*, 634 F.Supp.2d at 766.

When applying the "100 mile rule" the threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir 2009). Source Network requests that the Court transfer this case to the Sherman Division, whose divisional office is located Sherman,

Texas.[2] The straight line distance between those offices is approximately 285 miles, and approximately 325 miles by road. (Exs. 6, ¶¶ 3 and 4 at 1-2; 6A and 6B). Accordingly, this threshold question is met.

Due to Source Network's exclusive presence in the Sherman Division, all of its employee witnesses would face less burden traveling to the Sherman Division than to Beaumont. (Ex. 3, ¶¶ 3, 6 and 7 at 1-2). Source Network's principal place of business is less than seven (7) miles from the Federal Courthouse in Plano, Texas, and approximately forty-seven (47) miles from the Federal Courthouse in Sherman, Texas. (Exs. 6, ¶¶ 5 and 6 at 2; 6C and 6D). However, Source Network's office in Plano is more than 310 miles from the Federal Courthouse in Beaumont. (Exs. 6, ¶ 7at 2; 6E). This is approximately forty-four (44) times further than to the Federal Courthouse Annex in Plano, Texas, and more than six (6) times further than to the Federal Courthouse in Sherman, Texas. If this case proceeds in the Beaumont Division instead of the Sherman Division, Source Network's party witnesses will be substantially inconvenienced by traveling to the Beaumont for trial. *See*, *e.g.*, *Volkswagen II*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community.").

For Plaintiff and its party witnesses, the Sherman Division is approximately 1000 miles from Logan, Utah. (Exs. 6, ¶ 8 at 2; 6F). It is approximately 1,275 miles from the Beaumont Division to Logan, Utah. (Exs. 6, ¶ 9 at 2-3; 6G). Plaintiff's witnesses and documents are therefore further from the Beaumont Division than from the Sherman Division.

Further, it is apparent that Plaintiff's party witnesses will likely fly to proceedings in this matter. (Ex. 1 at 10). A recent survey of flights from Salt Lake City, Utah[3] to the Dallas-Fort

---

[2] Source Network intends to request that the case be assigned to the Plano Divisional Annex once the case is transferred to the Sherman Division.

Worth Airport reflects that the lowest cost airline ticket for a non-stop trip[4] was $413, with the average travel time between those airports being approximately two hours and forty minutes, and that the lowest cost airline ticket for a one-stop trip was $331 with the average travel time between those airports being approximately four and a half hours. (Exs. 6, ¶¶ 10 and 11 at 3; 6H and 6I).

Conversely, the same search for flights from Salt Lake City, Utah to the Southeast Regional Airport in Beaumont, Texas reflected that there were no non-stop flights. It also reflect that the next to lowest cost airline ticket was $560 for a flight with two stops (the lowest cost flight took more than 15 hours of travel each way). (Exs. 6, ¶¶ 12 and 13 at 3-4; 6J). For a one stop flight between these cities, the lowest cost fare was $589, with the shortest travel time from Salt Lake City to Beaumont being approximately four hours and forty five minutes, with some travel times exceeding seven to eight hours. The average time of travel back to Salt Lake City from Beaumont was approximately seven hours. (Exs. 6, ¶ 14 at 4; Ex. 6K).

Both the cost of travel and the time spent travelling to the Beaumont Division will therefore be substantially greater for Plaintiff's employee witnesses than to the Sherman Division. Accordingly, the Sherman Division is also clearly more convenient than the Beaumont Division for Plaintiff and its party witness.

Given that there are no known witnesses in the Beaumont Division, this factor clearly weighs in favor of transfer. *See*, *e.g.*, *In re Nintendo Co., Ltd.*, 589 F. 3d 1194, 1199 (Fed. Cir. 2009) ("The cost of attendance for willing witnesses clearly favors transfer."); *Genentech*, 566

---

[3] Salt Lake City is approximately eighty (80) miles from Logan, Utah, and appears to be the closest city with flights to both Dallas-Fort Worth Airport and flights connecting to Southeast Regional Airport in Beaumont, Texas.

[4] The searches were performed on Kayak.com, an aggregator of the major airline flights and prices. The searches were for tickets more than 30 days in advance.

F.3d at 1345 (finding this factor to weigh substantially in favor of transfer because material witnesses reside within the transferee venue and no witnesses reside within transferring venue).

### 2. The Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345. All of Source Network's documents relevant to this case are located in Plano, Texas, exclusively within the Sherman Division Texas. (Ex. 3, ¶¶ 10-11 at 3).

Further, any documents held by Plaintiff, Mr. Chen and Sportgear will be located in Utah, British Columbia and Taiwan, respectively. Accordingly, all such documents will have to be transported from these respective locations to either the Sherman Division or the Beaumont Division. As each of Utah, British Columbia and Taiwan are closer to the Sherman Division than the Beaumont Division, it will be no more inconvenient or costly to require the transportation of those materials to the Sherman Division than to the Beaumont Division. *Genentech*, 566 F.3d at 1346; *and see, Fujitsu Ltd.,* 639 F. Supp. 2d at 767 (". . . since it is equally burdensome to transport documents from Japan to either Texas or Illinois, Japanese documents are discounted under this factor.").

Accordingly, this factor weighs strongly in favor of transferring the case from the Beaumont Division to the Sherman Division.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

A district court may compel the attendance of a person at trial or a hearing if that person is located in the district or within 100 miles of where the trial or hearing is being held. *See* Fed. R. Civ. Proc. 45(b)(2). To borrow a statement by Plaintiff in their Motion to Transfer in the

*Cybergym* case, "there is nothing to suggest that any witness within [the Beaumont Division's] jurisdiction . . . will be called." (Ex. 1 at 11). Accordingly, it appears that there is no subpoena power over any witness from the Beaumont Division. However, to the extent necessary, the Sherman Division has absolute subpoena power over Source Network's witnesses. (Ex. 3, ¶ 3 at 1).

The only non-party witnesses of which Source Network is aware are the purported inventor, Mr. Chen, and Mr. Kao with Sportgear. Mr. Chen is located in Canada and Mr. Kao is located in Taiwan. Accordingly, neither the Beaumont Division nor the Sherman Division have any subpoena power over these individuals. Further, Plaintiff's employee witnesses are located in Logan, Utah. To the extent it is necessary to subpoena any of them, due to their leaving Plaintiff's employment for example, neither the Beaumont Division nor the Sherman Division will have subpoena power of them either. (*see,* Ex. 1 at 10-11).

This factor weighs in favor of transfer to the Sherman Division.

### 4. Other Practical Problems that Make a Trial Easy, Expeditious and Inexpensive

This factor is neutral. Because this case is in its preliminary stages, transferring this case will not pose a significant burden or delay on the parties. *See In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003) (finding that this factor is only applicable "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence."); *See also Rich v. S. Gulf Operators*, 879 F.Supp. 49, 51 (E.D. Tex. 1995) ("Additionally, the case is in its early stages, so there is little chance that a transfer of venue would create appreciable delay or prejudice.")

### C. The Public Interest Factors Clearly Weigh In Favor Of Transfer To The Northern District Of California

#### 1. The Local Interest in Having Localized Interests Decided at Home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *Volkswagen II*, 545 F.3d at 318). And "[w]hile the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Acer Am. Corp.,* 626 F.3d 1252, 1256 (Fed. Cir. 2010); *and see Genentech*, 566 F.3d at 1347; *Volkswagen II*, 545 F.3d at 317-18; *Hoffmann,* 587 F.3d at 1338. "Generally, local interests that 'could apply virtually to any judicial district or division in the United States' are disregarded in favor of particularized local interests." *Acceleron*, 634 F.Supp.2d at 767 (quoting *Volkswagen II*, 545 F.3d at 318).

The Sherman Division has a compelling interest in this case. As discussed above, Source Network has its sole place of business exclusively within the Sherman Division, and any relief (especially injunctive relief) that Plaintiff may receive will affect its owner employees. (Ex. 3, ¶¶ 3, 6 and 7 at 1-3). Further, Source Network's employee witnesses, and all of its documents are located within the Sherman Division. Further, Source Network's activities that are alleged to be infringing on the Patents in Suit (the sales and marketing of the Dumbbell Sets) are directed from the Sherman Division.

On the other hand, none of the parties are located within the Beaumont Division, and no known witnesses or relevant documents are located within the Beaumont Division. Nor are there any other apparent connections between the allegations in this case and the Beaumont Division. Borrowing from Plaintiff's Motion to Transfer in the *Cybergym* Lawsuit, ". . . it is simply not

fair to burden the citizens of [the Beaumont Division] with the cost and inconvenience of jury duty to resolve a dispute between citizens of Utah and [the Sherman Division]. Accordingly, this factor weighs in favor of transfer." (Ex. 1 at 13).

### 2. The Administrative Difficulties Flowing from Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. Because the average times to termination are similar for each of the Sherman Division and the Beaumont Division, this factor does not substantially favor either jurisdiction. However, "when, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Genentech*, 566 F.3d at 1347. Therefore, this factor is neutral.

### 3. The Familiarity of the Forum with the Law that Will Govern the Case

Federal law governs patent claims. The Sherman Division and the Beaumont Division are equally capable of applying the law to the claims in this case. *Odom v. Microsoft Corp,* 596 F. Supp. 2d 995, 1003-4 (E.D. Tex. 2009). Thus, this factor is neutral.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

As federal patent law will apply to most, if not all, issues in this case, there is no conflict of laws problem. Thus, this factor is neutral. *Id*.

## IV.
## CONCLUSION

Because all of the private and public factors either strongly support transfer to the Sherman Division or are neutral, and because this action has no discernable connection to the Beaumont Division, but does have a substantial and meaningful connection to the Sherman

Division and its residents, Source Network respectfully request that this Court transfer this case to the Sherman Division of the Eastern District of Texas.

Respectfully submitted,

/s/ John G. Fischer
John G. Fischer
Texas State Bar No. 00795890
john.fischer@solidcounsel.com
Bryan Haynes
State Bar No. 09283520
bryan.haynes@solidcounsel.com
Eric C. Wood
Texas State Bar No. 24037737
eric.wood@solidcounsel.com

SCHEEF & STONE, LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200 Phone
(214) 706-4242 Fax

*Attorneys for Defendant Source Network Sales and Marketing, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on he conferred with counsel for counsel for Plaintiff regarding transferring the case from the Beaumont Division to the Sherman Division, and agreement could not be reached. This Motion is therefore presented to the Court for determination.

/s/ John G. Fischer
John G. Fischer

## CERTIFICATE OF SERVICE

I hereby certify that on April 22nd, 2011, the foregoing was submitted for filing to the Clerk of the District Court by using CM/ECF, which will send a Notice of Electronic Filing to the following CM/ECF participants:

Charles W. Goehringer, Jr.
Lawrence Louis Germer
GERMER GERTZ, LLP
550 Fannin Street, Suite 400
Beaumont, Texas 77701

David R. Wright
H. Craig Hall, Jr.
Cara J. Baldwin
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111

/s/ Bryan Haynes
Bryan Haynes